AO106 (Rev. 12/03) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)
One (1) Telcel V3 SIM Card (white in Color), ID Number: 89520 20007 32094 6119F

## APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT

Case Number: '08 MJ 8753

I, COLE DOTSON being duly sworn depose and say:

I am a(n) Special Agent with U.S. Immigration and Customs Enforcment and have reason to believe
Official Title

that ☐ on the person of or ☑ on the property or premises known as (name, description and/or location)

REFER TO ATTACHMENT A

in the SOUTHERN District of CALIFORNIA

there is now concealed a certain person or property, namely (describe the person or property to be seized)

REFER TO ATTACHMENT B

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

electronic data that constitutes evidence of a criminal offense adn electronic data which is and has been used as the means for committting a criminal offense

concerning a violation of Title 21 United States code, Section(s) 952, 960, and 841(a)(1)

The facts to support a finding of probable cause are as follows:

REFER TO ATTACHED AFFIDAVIT OF SPECIAL AGENT COLE DOTSON

FILED
AUG 20 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

Continued on the attached sheet and made a part hereof: ☑ Yes ☐ No

[signature]
Signature of Affiant

Sworn to before me and subscribed in my presence,

August 20, 2008 at EL CENTRO, CALIFORNIA
Date City State

Peter C. Lewis, Magistrate Judge [signature]
Name of Judge Title of Judge Signature of Judge

FILED
AUG 2 0 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

AUSA FOR A SCHOPLER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Search of:<br><br>One (1) Motorola i560 Cellular Telephone (black in color), Serial Number: 364KJA08PR, SIM Card, ID Number: 0018-05712634-360<br><br>One (1) Nokia Model 6061 Cellular Telephone (black/chrome in color), Serial Number: 010715/00/322158/8, SIM Card, ID Number: 89520 20908 11009 6298F<br><br>One (1) Telcel V3 SIM Card (white in color), ID Number: 89520 20304 42023 2338F<br><br>One (1) Telcel V3 SIM Card (white in color), ID Number: 89520 20007 32094 6119F<br><br>**RE: MIGUEL A. SERVIN-ESPINOZA** | Magistrate Case No.:<br><br>'08 MJ 8753<br><br>AFFIDAVIT OF ICE SPECIAL AGENT COLE DOTSON IN SUPPORT OF SEARCH WARRANT |

I, Cole Dotson, being first duly sworn, hereby depose and say:

**PURPOSE**

1. This affidavit is made in support of an application for a search warrant for federal agents to search the following cellular telephones and Subscriber Identity Module (SIM) cards for electronic data: One (1) Motorola i560 Cellular Telephone (black in color), Serial Number: 364KJA08PR, SIM Card, ID Number: 0018-05712634-36; One (1) Nokia Model 6061 Cellular Telephone (black/chrome in color), Serial Number: 010715/00/322158/8, SIM

Card, ID Number: 89520 20908 11009 6298F; One (1) Telcel V3 SIM Card (white in color), ID Number: 89520 20304 42023 2338F; One (1) Telcel V3 SIM Card (white in color), ID Number: 89520 20007 32094 6119F. The said cellular telephones and SIM cards are believed to have been used as a means for committing a criminal offense, and are believed to contain evidence of the violation of Title 21, United States Code, Section 952 and 960, Importation of a Controlled Substance, and Title 21, United States Code, Section 841(a)(1), Possession of a Controlled Substance with Intent to Distribute.

**BACKGROUND AND EXPERIENCE**

2. I am a Special Agent (SA) with the United States Immigration and Customs Enforcement (ICE), which is a component agency of the Department of Homeland Security. I have been employed as an ICE Special Agent since October 28, 2007. Prior to that, I was a Border Patrol Agent with Customs and Border Protection for approximately three years. Concurrently, I am a Commissioned Officer in the Army National Guard, which includes three years active Army and ten years reserve component service. I hold a Bachelor of Arts in History from the University of California, San Diego. I have been cross-designated by the United States Drug Enforcement (DEA) to conduct controlled substance investigations and enforce provisions of the Federal Controlled Substances Act, pursuant to Title 21 of the United States Code.

3. I am currently assigned to the ICE Office of the Assistant Special Agent in Charge (ASAC), Office of Investigations, El Centro, California. I am assigned to conduct investigations of criminal violations relating to Immigration and to smuggling of controlled substances. Through the course of my duties, I have talked with experienced controlled substance investigators about the activities of drug traffickers/smugglers. I have received hours of on-the-job training dealing with trafficking/smuggling activities practiced locally. I have personally arrested and/or participated in the arrest and interview of several persons for violation of the Controlled Substance Act. Overall, I have gained a working knowledge and insight of the typical workings and operational habits of drug traffickers/smugglers.

4. Based upon my training, experience, and upon the facts set forth in this affidavit, I submit the following:

a. It is common practice for traffickers/smugglers to maintain communications with co-conspirators by cellular telephone.

b. Drug traffickers/smugglers use cellular telephones because they are mobile, allowing instant access to phone calls and voice messages.

c. Drug traffickers/smugglers often use multiple cellular telephones with multiple SIM cards allowing the same cellular telephone to be used in different countries and by

different people. A SIM card is used in cellular telephones to identify the user for billing and other services. A single SIM card can be used in multiple cellular telephones.

d. Drug traffickers believe that cellular telephones provide greater insulation and protection against court-ordered wiretaps providing an inability of law enforcement personnel to simultaneously track the origination and destination of phone calls.

## SUMMARY OF INVESTIGATION / FACTS SUPPORTING PROBABLE CAUSE

5. This affidavit is based on my own personal knowledge, as well as discussions with other federal agents and my review of the reports and evidence in this case. This affidavit does not contain all information known to federal agents regarding this investigation. However, it contains those facts believed to be necessary to establish probable cause.

6. On July 23, 2008, Miguel Angel SERVIN-Espinoza, a Mexican citizen with a B1 visa, entered the United States through the Calexico, California East Port of Entry (POE). SERVIN was the driver of a green 1999 International tractor bearing license plates CA/US VP25596. A subsequent search of the tractor revealed 8 packages containing 235.64 kilograms (518.41 pounds) of cocaine concealed in both fuel tanks.

7. SERVIN was advised of his constitutional rights, in Spanish, per Miranda. SERVIN stated that he understood his rights. SERVIN stated that two months ago he moved to Mexicali

from Sinaloa and he had been working for Jose Luis SANCHEZ-Ramirez, S&R Transport for a month and a half. SERVIN was asked about the tractor, the registered owner of the tractor, and his employment. SERVIN described his employment as consisting of his picking up said tractor from a truck lot in Mexicali, driving the empty tractor into the United States to 817 E. 3rd Street in Calexico, California, where SERVIN would meet SANCHEZ. SANCHEZ would direct SERVIN to different truck lots within the Calexico area, hook onto a trailer and move the trailer to various truck lots within the El Centro area. He stated that SANCHEZ would go with him, showing him where to go. SERVIN stated that sometimes he would wait for SANCHEZ's arrival at 3rd Street. SERVIN described 3rd Street as a business/office.

8. SA Dotson asked SERVIN if there was anything different about this day (July 23, 2008) as opposed to a "normal" workday. SERVIN stated that SANCHEZ called him, requesting for him to bring the tractor to 3rd Street later in the afternoon than usual.

9. SA Leon asked SERVIN how he communicates with SANCHEZ. SERVIN stated, "by radio." SA Leon retrieved a black Motorola i560 cell phone from an evidence bag containing SERVIN's property, handing it to SERVIN. SERVIN affirmed ownership of the phone, taking the phone from SA Leon, and preceded to look for SANCHEZ's contact information. After a few moments of going through the phone, SERVIN indicated the number listed as

"MECHADO" was for SANCHEZ. SERVIN stated that the black Motorola i560 was given to him by his employer (SANCHEZ). SA Leon retrieved a black Nokia model 6061 from SERVIN's evidence bag containing SERVIN's property, SERVIN stated that this phone was his personal phone.

10. Several times SERVIN was reminded of the gravity of the crime. Throughout, SERVIN remained very calm. SERVIN stated that if "you" want to know about the drugs, "you" would have to talk to SANCHEZ. SA Leon attempted to contact SANCHEZ via the number retrieved from SERVIN, to no avail.

11. On July 23, 2008, SERVIN was transported to the Imperial County Jail to await his initial appearance before the United States Magistrate. A number of SERVIN's personal items, as well as items seized from inside the tractor truck, were seized as evidence and maintained in ICE custody.

12. On July 24, 2008 SERVIN was arraigned before United States Magistrate Peter C. Lewis on a complaint for violation of Title 21, United States Code, Sections 952 and 960, Importation of a Controlled Substance (235.64 kilograms of cocaine).

13. On July 24, 2008 a search warrant was executed on the address SERVIN identified as the business/office. The "office" was an empty, two-bedroom apartment in a residential neighborhood. Items retrieved included an answering machine and mail addressed to SANCHEZ. The apartment appeared to be a mail drop, not a legitimate business.

14. On or about July 30, 2008, a review of SERVIN's seized personal belongings revealed a small plastic photograph holder, with clear plastic on one side and red plastic on the back side, marked "Foto Estudio Agoya." Inside the plastic photograph holder were seven (7) photographs (including four photographs of children and three photographs that appeared to be of SERVIN himself). Tucked behind these photographs were two SIM cards: one (1) Telcel V3 SIM Card (white in color), ID Number: 89520 20304 42023 2338F; and one (1) Telcel V3 SIM Card (white in color), ID Number: 89520 20007 32094 6119F. A photocopy of the plastic photograph holder with the contents inside is attached as Exhibit A. A photocopy of the back side of the plastic holder, with the contents (the photographs and SIM cards) removed is attached as Exhibit B.

15. SA Dotson recognized that both cellular telephones in SERVIN's possession are compatible with the SIM cards found in this red plastic photograph holder.

16. On August 14, 2008, SA Leon interviewed the owner of the property who lives one unit from the warrant's target address. She stated that SANCHEZ had rented the apartment between May and July, always paying in cash. She had not seen SANCHEZ since July 23rd (the date of SERVIN's arrest). All attempts to locate SANCHEZ have been negative.

//

//

## DESCRIPTION OF PROPERTY/ ITEMS TO BE SEARCHED

17. One (1) Motorola i560 Cellular Telephone (black in color), Serial Number: 364KJA08PR, SIM Card, ID Number: 0018-05712634-36; One (1) Nokia Model 6061 Cellular Telephone (black/chrome in color), Serial Number: 010715/00/322158/8, SIM Card, ID Number: 89520 20908 11009 6298F; One (1) Telcel V3 SIM Card (white in color), ID Number: 89520 20304 42023 2338F; One (1) Telcel V3 SIM Card (white in color), ID Number: 89520 20007 32094 6119F.

## DESCRIPTION OF PROPERTY/ ITEMS TO BE SEIZED

18. The items to be seized from each cellular telephone and SIM card are electronic data that constitute evidence of the commission of a criminal offense, and electronic data that is, and has been used as the means for committing a criminal offense. The specific criminal offenses involved are violations of Title 21, United States Code, Sections 952 and 960, Importation of a Controlled Substance and Title 21, United States Code, Section 841(a)(1), Possession of a Controlled Substance with Intent to Distribute. The items to be seized include the electronic data described below:

a. The phone numbers and/or direct-connect and/or names and identities assigned to the cellular telephone;

b. Digital, cellular, and/or telephone numbers and/or direct connect numbers, names and identities stored in the directories;

c. Phone numbers and direct-connect numbers dialed from the cellular telephone and stored in memory;

d. The last number dialed from the cellular telephone and;

e. Any other electronic information in the stored memory of the cellular telephone and SIM card, including but not limited to text messages, voicemail, and pictures, relating to violations of Title 21, United States Code, Sections 952 and 960, Importation of Controlled Substance and Title 21, United States Code, Section 841(a)(1), Possession of Controlled Substance with Intent to Distribute.

**CONCLUSION**

19. Based on the facts contained in this affidavit, my training, and experience, I submit that there is probable cause to believe that the said cellular telephones and SIM cards found in SERVIN's possession contain evidence of violations of Title 21, United States Code, Sections 952 and 960, Importation of a Controlled Substance and Title 21, United States Code, Section 841(a)(1), Possession of a Controlled Substance with Intent to Distribute.

20. I believe that the said property/items to be seized will be found when the attached warrant is executed. Consequently, based on the probable cause stated within this affidavit, I specifically request authority to seize the items described above and in Attachment B hereto and incorporated

herein by reference. Therefore, for the reasons set forth in this affidavit and application, I respectfully request that a separate search warrant be issued for each cellular telephone and independent SIM card.

21. I have prepared this affidavit in close consultation with several federal agents with whom I work and with Assistant United States Attorney John Weis in the Southern District of California.

22. I, or any other duly authorized federal agent, will personally serve the warrant requested above, and will be assisted by other duly authorized federal investigators.

23. ICE agents will deliver the cellular telephones and SIM cards to ICE forensic examiners. These examiners may be able to determine the personal identification number, turn on the cellular telephones, and retrieve data from the cellular telephones and SIM cards. Unlike typical computers, cellular phones and SIM cards do not have hard drives and store information in volatile memory. Current technology does not provide solutions for imaging the data stored in cellular phone memory. Consequently, the phone will have to be powered up and turned on by a forensics examiner.

24. The examination may be delayed due to the lack of the appropriate charging device. The examiner will need to manually examine the cellular phone and its functions and record their findings using digital photography. This process is time and

labor intensive and, depending upon the workload of the few certified cellular phone forensic examiners available, may take weeks or longer. Therefore, your affiant is requesting that the time for service be extended to thirty days.

25. I swear the forgoing is true and correct to the best of my knowledge and belief.

COLE DOTSON
Special Agent, U.S. Immigration
and Customs Enforcement

SUBSCRIBED AND SWORN TO, IN MY PRESENCE, THIS 20th, DAY OF AUGUST, 2008.

Hon. PETER C. LEWIS
United States Magistrate Judge

## ATTACHMENT A

## PROPERTY/ ITEMS TO BE SEARCHED

The property/ items to be searched are described as:

One (1) Telcel V3 SIM Card (white in Color), ID Number: 89520 20007 32094 6119F, presently in the custody of United States Immigration and Customs Enforcement, 333 S. Waterman Avenue, El Centro, California.

# ATTACHMENT B

## ITEMS TO BE SEIZED:

One (1) Telcel V3 SIM Card (white in Color), ID Number: 89520 20007 32094 6119F, presently in the custody of United States Immigration and Customs Enforcement, 333 S. Waterman Avenue, El Centro, California.

After United States Immigration and Customs Enforcement Agents gain access to the contents of the device, it will be searched, and the following electronic data will be seized:

1. The phone numbers and/or direct-connect and/or names and identities assigned to the device; which constitutes evidence of the violation of Title 21, United States Code, Sections 952, 960, and 841(a)(1).

2. Digital, cellular, and/or telephone numbers and/or direct connect numbers, names and identities stored in the directories; which constitutes evidence of the violation of Title 21, United States Code, Sections 952, 960, and 841(a)(1).

3. Phone numbers and direct-connect numbers dialed from the device and stored in memory; which constitutes evidence of the violation of Title 21, United States Code, Sections 952, 960, and 841(a)(1).

4. The last number dialed from the device; which constitutes evidence of the violation of Title 21, United States Code, Sections 952, 960, and 841(a)(1).

5. Text messages, voicemail, and pictures; which constitutes evidence of the violation of Title 21, United States Code, Sections 952, 960, and 841(a)(1).

# EXHIBIT A

Photocopy of Plastic Photograph Holder, with Photographs and SIM Cards Inside



# EXHIBIT B

Photocopy of Back of Plastic Photograph Holder,
with Photographs and SIM Cards Removed from the Holder














FOTO ESTUDIO
NAGOYA
LA REVELACION DEL MOMENTO
Sus Fotos en 45 Minutos
MATRIZ:
OBREGON 107 Nte.
TEL. 712-16-37
RUBI
RUBI 677 Nte.
TEL. 713-11-33
SUC. ROSALES
OBREGON # 623 Nte.
LOCAL 14
EDIF. CLOUTHIER
TEL. 715-34-52
PLAZA FIESTA
LOCAL 25-A
TEL. 714-90-31
LA CAMPIÑA
LOCAL 1 B
TEL. 716-13-13
CULIACAN, SIN.
SERVICIO CALIDAD
Y RAPIDEZ







